IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM J. DOCKERAY, JR.,<br><br>Petitioner,<br><br>VS.<br><br>RICK THALER, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§ NO. 3-08-CV-1633-M<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner William J. Dockeray, Jr., appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part on limitations grounds and denied in part.

I.

In 1990, a Dallas County jury convicted petitioner of indecency with a child. Punishment was assessed at 20 years confinement and a $10,000 fine. On July 31, 1998, petitioner was released from prison to mandatory supervision. Instead of being physically released, petitioner alleges that he was held in the Caldwell County Jail on unspecified charges from July 31, 1998 until September 28, 1998, when he was returned to TDCJ custody. However, petitioner was only credited with jail time from August 28, 1998 to September 28, 1998. Petitioner was again released to mandatory supervision on October 27, 2004. Although his release was never revoked, petitioner allegedly was incarcerated for 126 days in the Dallas County Jail and for 278 days in the Baten Intermediate

-1-

Sanction Facility ("ISF") in 2006 and 2007. None of that time has been credited to his sentence. Petitioner challenged the denial of these time credits and the calculation of his sentence in two applications for state post-conviction relief. Both applications were denied without written order. *Ex parte Dockeray*, WR-40,784-03 (Tex. Crim. App. Nov. 8, 2000); *Ex parte Dockeray*, WR-40,784-05 (Tex. Crim. App. Apr. 9, 2008). Petitioner then filed this action in federal district court.

II.

Petitioner raises three broad issues in nine grounds for relief. As best the court can decipher his claims, petitioner appears to contend that: (1) he is entitled to credit on his sentence for time spent in the Caldwell County Jail, the Dallas County Jail, and the Baten ISF; (2) the failure to allow monetary credit against his $10,000 fine for community service and work performed while incarcerated violates the Double Jeopardy Clause; and (3) he was denied due process in connection with the disposition of his state writ.

A.

In four related grounds, petitioner argues that he is entitled to credit on his sentence for 27 additional days spent in the Caldwell County Jail, for 126 days spent in the Dallas County Jail, and for 278 days spent in the Baten ISF. Petitioner further contends that the denial of these time credits subjects him to double jeopardy and violates due process. Respondent counters that petitioner's sentence credit claim arising out of his confinement in the Caldwell County Jail is barred by limitations, and that his other claims are without merit.[1]

---

[1] Respondent also points out that petitioner has not presented his sentence credit claims to state prison authorities as required by Tex. Gov't Code Ann. § 501.0081. (*See* Resp. Ans. at 7). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). This statute also authorizes the dismissal of a federal habeas petition on limitations grounds. *See Scott v. Quarterman*, No. 3-07-CV-0652-K, 2007 WL 1670172 at *1 n.1 (N.D. Tex. Jun. 6, 2007) (citing cases).

1.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, including the denial of sentence credits, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002). This period is tolled during the pendency of a timely-filed prison grievance and the pendency of a properly filed motion for state post-conviction relief. 28 U.S.C. § 2244(d)(2); *see also Kimbrell*, 311 F.3d at 363-64. The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

Petitioner alleges that he was held in the Caldwell County Jail on unspecified charges from July 31, 1998 until September 28, 1998. However, he was only credited with jail time from August 28, 1998 to September 28, 1998. Although it is not clear exactly when petitioner learned that he would not receive credit on his sentence for the 27 days from July 31, 1998 to August 28, 1998, he raised that claim in a state writ of habeas corpus filed on November 15, 1999. *See Ex parte Dockeray*, WR-40,784-03, Tr. at 49. The writ was denied on November 8, 2000. Yet petitioner did not file this action in federal court until September 16, 2008--nearly *eight years* later. No explanation has been offered to justify or excuse this delay. The court therefore determines that this aspect of petitioner's sentence credit claim is barred by limitations.

2.

Petitioner also challenges the denial of time credits while incarcerated in the Dallas County Jail and the Baten ISF in 2006 and 2007. To obtain federal habeas relief, petitioner must show that the adjudication of this claim by the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523. Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

One of the reasons cited by the state habeas court for rejecting this claim was that petitioner remained on release while briefly detained in the Dallas County Jail and the Baten ISF. *See Ex parte Dockeray*, WR-40,784-05, Tr. at 93, ¶ 12. As a result, petitioner was not deprived of a liberty

interest and did not suffer any adverse consequences, at least with respect to his mandatory supervision. *Id.* Petitioner has failed to adduce any evidence, much less clear and convincing evidence, that his release was revoked. His temporary placement in an ISF, which sanctions an offender for violating the conditions of release, is not tantamount to a revocation. *See* TBPP-POL 04-06.02 (Jun. 16, 2004).[2] Nor is there any evidence that petitioner has not received all the sentence credits to which he is entitled.

Petitioner's double jeopardy and due process claims also lack merit. The court is unaware of any authority holding that the failure to credit a sex offender, like petitioner, for time spent in a county jail or an ISF while he remains on mandatory supervision amounts to a federal constitutional violation. Certainly petitioner has not cited to any such authority in his brief. *Cf. Franklin v. Quarterman*, No. 3-08-CV-0525-G, 2009 WL 1835527 at *2-3 (N.D. Tex. Jun. 24, 2009) (holding that parolee has no entitlement to good conduct credit for time spent in custody prior to revocation). These grounds for relief should be overruled.

B.

Next, petitioner contends that the failure to allow monetary credit against his $10,000 fine for community service and work performed while incarcerated violates the Double Jeopardy Clause. Once again, petitioner has failed to cite any authority to support this claim. His conclusory assertions, couched in broad constitutional terms, do not merit habeas relief. *See Ross v. Estelle*, 694

---

[2] Even if petitioner's mandatory supervision was revoked, he does not have a liberty interest in street time credits because of the nature of his underlying conviction. TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 2003) (requiring persons convicted of certain offenses, including indecency with a child, to forfeit street time credits earned while on release upon revocation of parole or mandatory supervision); *see also Clark v. Cockrell*, No. 2-01-CV-0377-J, 2003 WL 21730321 at *3 (N.D. Tex. Apr. 1, 2003) (citing cases) (noting that section 508.283 of Texas Government Code does not raise "constitutional concerns").

F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in federal habeas proceedings).

C.

Finally, petitioner alleges that he was denied due process by the state habeas court. The Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Consequently, this ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. Any claims challenging the denial of sentence credits for time spent in the Caldwell County Jail should be dismissed on limitations grounds. Petitioner's other claims should be denied on the merits. All pending motions should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 15, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE